UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SHOEMAKER,

    Plaintiff,

v.                                          Case No. 11-15135
                                              Hon. Lawrence P. Zatkoff

CITY OF HOWELL,

    Defendant.

_____/

**ORDER**

On October 31, 2012, Plaintiff David Shoemaker ("Plaintiff") filed a motion for summary judgment, requesting that this Court find the City of Howell's ("Defendant") Ordinance § 622.02 unconstitutional as a violation of Plaintiff's due process rights [dkt 25]. On November 12, 2013, the Court granted Plaintiff's motion for summary judgment, striking down Ordinance § 622.02 as an unconstitutional violation of the 14th Amendment [dkt 34, 35]. Defendant filed its notice of appeal the next day [dkt 36].

On June 12, 2014, both parties filed a "joint motion for indicative ruling to effect terms of agreement." [dkt 46]. In this motion, the parties state they have resolved all matters in dispute. This resolution, however, is subject to this Court's willingness to "take certain action necessary to effectuate the agreement." Specifically, the parties state that "one of the terms of the agreement is that this Court will vacate the November 12, 2013[,] Opinion and Order entered in this case . . . ." The parties request, pursuant to Rule 62.1 of the Federal Rules of Civil Procedure ("Rule 62.1"), an indicative ruling from this Court that it will—upon remand from the United States Court of Appeals for the Sixth Circuit—proceed with such requested action.

Rule 62.1 grants district courts limited authority to provide relief for motions filed by parties while an appeal is pending.  Rule 62.1 states:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> 
> **(1)** defer considering the motion;
> **(2)** deny the motion; or
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The parties request relies on the authority granted the Court by Rule 62.1(a)(3).  Specifically, the parties seek from this Court an indicative ruling that it will agree to vacate the November 12, 2013, Order and Opinion that prompted Defendant's current appeal should the Sixth Circuit remand the case.

The Court will not agree to issue such a ruling.  Pursuant to the parties' original request, the Court considered the facts of the case, the arguments presented, and the laws of the United States in coming to a conclusion. The Court's November 12, 2013, Order and Opinion finding Defendant's Ordinance violated the 14th Amendment of the United States Constitution was the proper resolution to the issues presented to the Court.  The parties now request that this Court ignore the facts of the case, the arguments previously presented by both parties, and the law of the United States upon which the opinion was based so as to "effectuate full resolution of this matter."  The Court will not supplant the law of the United States with the changing whims of the parties.

Instead, the Court will exercise the authority granted to it pursuant to Rule 62.1(a)(2) and deny the parties' joint motion for indicative ruling.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the parties' joint motion for indicative ruling to effect terms of agreement [dkt 46] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
Date:   June 26, 2014          U.S. DISTRICT JUDGE

2