**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID SHOEMAKER,

    Plaintiff,

v.                                            Case No. 11-15135
                                            Hon. Lawrence P. Zatkoff

CITY OF HOWELL,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 30, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on a Motion for Stay of Judgment Pending Appeal from Defendant City of Howell [dkt. 38] and Plaintiff David Shoemaker's Motion for Relief from a Judgment or Order [dkt. 43]. Defendant's Motion for Stay of Judgment Pending Appeal is fully briefed. Defendant filed a response to Plaintiff's Motion for Relief from a Judge or Order, and Plaintiff did not reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the reasons set forth below, Defendant's Motion for Stay of Judgment Pending Appeal and Plaintiff's Motion for Relief from Judgment or Order are DENIED.

## II. BACKGROUND

On October 31, 2012, Plaintiff David Shoemaker ("Plaintiff") filed a motion for summary judgment, requesting that this Court find City of Howell's (the "City") Ordinance § 622.02 unconstitutional as a violation of Plaintiff's due process rights [dkt. 25]. On November 12, 2013, the Court granted Plaintiff's motion for summary judgment, striking down Ordinance § 622.02 as an unconstitutional violation of Plaintiff's 14th Amendment due process rights [dkt 34]. The Court entered judgment (the "Judgment") in favor of Plaintiff that same day [dkt. 35]. The City filed notice of appeal the next day, November 13, 2013 [dkt 36].

The pending motions in this matter deal with the Court's entry of judgment. On November 21, 2013, the City filed a Motion for Stay of Judgment Pending Appeal [dkt. 38]. The City contends this Court's November 12, 2013, Opinion and Order finding in favor of Plaintiff was incorrect, and that a stay of the Judgment should be granted pending the Sixth Circuit Court of Appeals' decision. On January 30, 2014, Plaintiff filed a Motion for Relief from a Judgment or Order [dkt. 43]. In his motion, Plaintiff contends that the Court should reopen this matter because "the clerk closed the case (and the matter was appealed) before Plaintiff had any chance to move for costs and attorney fees under 42 U.S.C. §1988." Dkt. # 43, p. 1. As such, Plaintiff asserts this Court should "correct" the clerical mistake that occurred, so that Plaintiff may move to recover attorney fees in this matter.

## III. LEGAL STANDARD

### A. MOTION FOR STAY OF JUDGMENT PENDING APPEAL

Rule 8 of the Federal Rules of Appellate Procedure sets forth the method by which a party may seek a stay of a judgment rendered by a federal district court. Rule 8 provides:

**Motion for Stay. (1) Initial Motion in the District Court.** A party must ordinarily move first in the district court for the following relief: **(A)** a stay of the judgment or order of a district court pending appeal . . .

The Sixth Circuit has established that district courts, in considering whether to grant a stay pursuant to Rule 8(a), should consider the same four factors courts traditionally examine when deciding whether to grant a preliminary injunction. *See Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These four factors are:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;
> (2) the likelihood that the moving party will be irreparably harmed absent a stay;
> (3) the prospect that others will be harmed if the court grants the stay; and
> (4) the public interest in granting the stay.

*Id.* "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Serv. Employees Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012), reh'g denied (Dec. 5, 2012). "A movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Id.*

### B. FEDERAL RULE OF CIVIL PROCEDURE 60

Rule 60(b) of the Federal Rules of Civil Procedure outlines the procedure for procuring relief from a final judgment. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Sixth Circuit has held that relief under Rule 60(b) "is circumscribed by public policy favoring finality of judgment and termination of litigation." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal citations omitted); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). Additionally, the party seeking such relief from a final judgment "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.* 538 F.3d at 454 (internal citations omitted).

## IV. ANALYSIS

### A. The City's Motion for Stay of Judgment Pending Appeal

The City argues that this Court's November 12, 2013, Opinion and Order must be stayed pending appeal, due to "a serious question on the merits." Specifically, the City asserts that the land in question—the berm[1]—is not owned by the City in "fee simple absolute," but rather is owned in a different manner. As Plaintiff "derives benefits from the berm," the City argues it can require Plaintiff to maintain the berm "just [like] other fee simple owners." As such, the City argues it has not violated Plaintiff's constitutional rights, and thus has a strong likelihood of prevailing on the merits of its appeal.[2] The Court does not agree.

At the outset, the Court must address the City's shifting position regarding ownership of the berm. As Plaintiff correctly points out, the City has asserted numerous positions as to which entity "owns" the berm and what type of ownership they possess. In its response to Plaintiff's

---

[1] The Court previously described the "berm" as "the grassy area between the sidewalk and the street curb." *See* Dkt. # 34, p. 1.
[2] Plaintiff argues that the City's notice of filing of appeal divested this Court of jurisdiction to grant the City's motion. The Court finds that Fed.R.App.P. 8 provides that this Court has jurisdiction to entertain the motion. *See Oliver v. Kalamazoo Bd. of Educ.*, 548 F.Supp. 646, 647 (W.D. Mich. 1982).

motion for summary judgment, the City took the position that it had an interest akin to an easement in the berm. *See* Dkt. # 29, pp. 2–5. When appearing before this Court to argue its motion for summary judgment, however, the City did not contest that it owned "the property at issue in this case." *See* Dkt. 34, p. 4. The City now once again is shifting its stance on whether the area in question is owned by Plaintiff or the City. Indeed, the City asserts no less than four different types of potential ownership in its underlying motion and response brief: the City claims its ownership of the berm is 1) "akin to an easement,"[3] 2) is a "base fee" interest,[4] 3) "more akin to nominal title,"[5] and 4) property the City "holds in public trust."[6] The Court does not find that this shotgun approach to ownership of the berm provides the City with any likelihood of success on the merits at appeal.

The City attempts to bolster these various ownership arguments with cases this Court has already rejected as irrelevant to the matter at hand. Further, the cases newly presented to the Court do not support the City's contention concerning ownership of the berm. In 2010 the Michigan Supreme Court defined the ownership of a state municipality that has "a strip of land dedicated to public use." *2000 Baum Family Trust v. Babel*, 488 Mich. 136, 162 (2010). The Supreme Court found that "[w]illing or unwilling, the law vests [the municipality] with nominal title. It does not accept and cannot refuse. It cannot grant or otherwise dispose of the premises, and <u>has no voice concerning the use</u>." *Id* (emphasis added). As the City in this matter clearly exercised a "voice concerning the use" of the berm—by ripping up Plaintiff's tree and replacing it with nine new trees—the Court finds the City's new case law provides no clarity regarding its confused and fluctuating ownership positions.

---

[3] *See* Dkt. # 38, p. 4.
[4] *See* Dkt. # 42, p. 3.
[5] *Id.* at p. 4
[6] *Id.* at p. 6.

5

Additionally, the City's motion does not specifically address the Court's underlying finding that the City had violated Plaintiff's procedural and substantive due process rights. Indeed, the City admits that its attempts to establish ownership of the berm goes only to the Court's substantive due process finding.[7] The Court's November 12, 2013, Opinion and Order first held, however, that Ordinance § 622.02 was unconstitutional as it violated Plaintiff's *procedural* due process rights, finding that:

> Plaintiff has demonstrated that he has been deprived of a protected property interest as a result of established City procedure. Plaintiff has further proven—and Defendant has failed to rebuke—that the City's procedure itself violates his due process rights . . . The City states that "the essential requirements of due process . . . are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The Court finds that, despite this correct assertion, the City has failed to afford Plaintiff either."

Dkt. # 34, pp. 11–14. The City attempts to upend the Court's detailed and thorough analysis by asserting in a lone paragraph in its reply brief that Plaintiff was aware he could appeal any finding by the City's Ordinance Officer. The Court has already examined—and dismissed—this argument in great detail, and thus does not find that the City's feeble effort to revive this position presents a likelihood that the City will prevail on appeal. As such, the Court finds the City has failed to carry its burden of showing "serious questions going to the merits" of the Court's November 12, 2013, Opinion and Order.

The remaining three factors courts typically consider in determining whether to grant a stay also do not favor the City. The Court finds no merit in the City's contention that it is irreparably harmed by the Court's November 12, 2013, Opinion and Order because it "may no longer regulate the growth of weeds, grass, or other vegetation" in such areas. As the Court previously expressed:

---

[7] *See* Dkt. #42, p. 5.

6

> Although the City may wish to maintain the vegetation on plots of public property throughout the City, expecting private citizens to perform such maintenance is decidedly irrational. . . . If the City wishes to maintain its property in accordance with its own ordinances, it must do so in the same manner in which a private citizen maintains their own property: through the volition of their own actions.

Dkt. # 34, p. 21. The City thus has failed to show it will be "irreparably harmed" absent a stay. *See Griepentrog*, 945 F.2d at 154 ("the harm alleged must be both certain and immediate, rather than speculative or theoretical.").

Finally, the City fails to satisfactorily show that others will not be harmed if the Court grants the stay and that the public interest in this matter warrants granting a stay. The Court finds—and the City does not dispute—that the residents of the City will be harmed should the Court grant the City's motion, for this action will allow the City to once again mandate that private citizens maintain public property without constitutionally sufficient due process. Further, the Plaintiff's argument that the Court's November 12, 2013, Opinion and Order will have a "wide-ranging impact" throughout the state and within the Sixth Circuit is purely speculative, as it has provided no evidence that municipalities throughout the region are governing in a manner similar to the City. Such speculation cannot support the granting of a stay. *Id.* (stating that the moving party must address each factor by "providing specific facts.").

Accordingly, for the reasons stated above, the Court finds that the City's Motion for Stay of Judgment Pending Appeal fails to provide the requisite factual support and legal authority needed for this Court to stay its November 12, 2013, Order and Opinion.

### B. Plaintiff's Motion for Relief from a Judgment or Order

Plaintiff's motion for relief does not actually request the Court to set aside its Judgment. Rather, Plaintiff contends that the Court should grant his motion for relief so that Plaintiff may "seek costs and attorney fees under 42 U.S.C. § 1988." Plaintiff correctly notes that the Court

closed the case on November 12, 2013, and that the City filed an appeal the next day. Plaintiff asserts that: 1) this timeline did not "afford [Plaintiff] the opportunity to ask for costs and attorney fees or mental anguish damages," 2) the Court was "premature" in closing the file—as it did not allot time for Plaintiff to move for costs and attorney fees—and 3) that such a move "may well constitute denial of due process." Plaintiff further contends that this Court was divested of the necessary jurisdiction to decide a motion for costs and attorney fees when the City filed its appeal. As such, Plaintiff argues the Court should "correct" its Judgment to allow for a motion for costs and attorney fees or issue an indicative ruling that the Court would allow a motion for costs and attorney fees if the Sixth Circuit Court of Appeals remands for that purpose.

The Supreme Court established long ago that the "[f]iling of notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc.*, 459 U.S. 56, 58 (1982). The Supreme Court later clarified, however, that "those aspects of the case involved in the appeal" does not include a motion for attorney fees. *See Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 202 (1998) (establishing that attorney fees are collateral to the main cause of action). The Sixth Circuit has since relied on these conclusions to hold that district courts are not stripped of their jurisdiction to entertain a motion for attorney fees upon the filing of a notice of appeal. *See Reed v. Country Miss, Inc.*, 57 F.3d 1070 (Table) at *3 (6th Cir. June 8, 1995); *AAA Venetian Blind Sales, Inc. v. Beaulieu of Amer., Inc.*, 124 F.3d 196 (Table) at *4 (6th Cir. Aug. 19, 1997) ("As in *Reed*, we reject the argument that the filing of notice of appeal after entry of judgment divested the district court of jurisdiction to award attorney fees."). Finally, the local rules for this District clearly indicate that a motion for costs and attorney fees "must be filed no later than 28 days after entry of judgment." *See* E.D. Mich. L.R. 54.1.2(a).

With this authority in mind, the Court finds unpersuasive Plaintiff's argument that the Court "closing the case so quickly was simply a mistake." The local rules clearly indicate the Court did not lose its ability to entertain a motion for attorney fees at the closing of the case. Further, Supreme Court and Sixth Circuit precedent establish that the City's notice of appeal did not strip this Court of its jurisdiction to decide those aspects of the case—such as costs and attorney fees—that are not involved in Defendant's appeal.

Finally, Local Rule 54.1.2 specifically states "[a] motion for attorneys' fees and related non-taxable expenses pursuant to Fed.R.Civ.P. 54(d)(2) must be filed no later than 28 days after entry of Judgment." Rule 4 of the Federal Rules of Appellate Procedure further clarifies that "the time to file an appeal runs for all parties from the entry of the order disposing of [a motion] . . . for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed.R.App.P. 4(a)4(A). The Court entered the Judgment in this matter on November 12, 2013. Plaintiff did not file his motion for relief from judgment under Rule 60 until January 30, 2014, or 78 days after the Court's entry of judgment. As such, the Court finds that any motion for attorney fees now filed would be untimely.

## V. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that the Motion for Stay of Judgment Pending Appeal from Defendant City of Howell [dkt. 38] and Plaintiff David Shoemaker's Motion for Relief from a Judgment or Order [dkt. 43] is DENIED.

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
Date: September 30, 2014    U.S. DISTRICT COURT